# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-50588
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PAUL EDGAR GRANGER, also known as Paul Granger

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-366-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Paul Edgar Granger appeals the 90-month guidelines sentence he received for possession of a firearm by a felon. Granger asserts that the district court committed a significant procedural error by selecting the sentence based upon an unsupported finding that he was a drug dealer transporting trafficking proceeds at the time of his arrest.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Granger was traveling with more than $22,000 in cash when he was arrested. He was unemployed for at least six months before his arrest; he earned only $200 to $250 per week prior to that; his wife worked as a waitress at the Waffle House; and the couple lived in a modestly priced mobile home. These facts, along with Granger's history of drug dealing (albeit distant), his severe drug abuse, and his extensive criminal record give plausibility to the district court's finding that he was a drug dealer in possession of trafficking proceeds.

Granger asserts that it was impermissible for the district court to infer that the $22,000 was the proceeds of a drug transaction from his silence about the source of the money. The district court did not infer that the money represented proceeds of a drug deal from Granger's silence; rather, it relied upon his admission that he had been unemployed for at least six months at the time of his arrest and the determination by the Bureau of Alcohol, Firearms, Tobacco and Explosives that the firearm was stolen. Granger's additional assertion that he would have been living in better conditions if he were a drug dealer does not leave a "definite and firm conviction that a mistake has been made." It is plausible that a courier with a drug habit to support would live in trailer.

For these reasons, we find no clear error in the district court's finding that Granger was a drug dealer in possession of trafficking proceeds. *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009). The judgment of the district court is AFFIRMED.